**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30367 |
| Plaintiff - Appellee, | D.C. No. 1:13-cr-00032-DWM |
| v. | |
| THEO SUMMERS BUFFALO BULLTAIL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted December 9, 2014[**]

Before:     WALLACE, LEAVY, and BYBEE, Circuit Judges.

Theo Summers Buffalo Bulltail appeals from the 120-month sentence

imposed following his jury-trial conviction for assault on a federal officer, in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. § 111(a)(1) and (b).  We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Bulltail contends that the district court abused its discretion by imposing a sentence 83 months above the high end of the advisory sentencing Guidelines range and twice as long as the sentence recommended by the government.  He argues that the district court improperly focused on general deterrence aimed at the Crow Nation rather than conducting an individualized sentencing, and that the district court's statements demonstrate that he was given a harsher sentence because he is a Crow Indian.

Although sentencing judges are afforded broad discretion to consider any information concerning the background, character, and conduct of a defendant in imposing a sentence, *see Pepper v. United States*, 131 S. Ct. 1229, 1240 (2011), a defendant's race or ethnicity may not be considered.  *See* U.S.S.G. § 5H1.10; *United States v. Borrero-Isaza*, 887 F.2d 1349, 1352-56 (9th Cir. 1989) (per curiam) (imposing a stricter sentence on the basis of national origin violated defendant's due process rights).  Even the appearance of impropriety requires a remand for resentencing.  *See Borrero-Isaza*, 887 F.2d at 1355.  Here, the district court's remarks at sentencing suggest that Bulltail may have received a significantly higher sentence than he would have otherwise received because he is

a Crow Indian and the district court wished to use him as an example to the Crow Nation. We do not review this sentence for reasonableness. Therefore, we vacate Bulltail's sentence and remand for resentencing.

**VACATED and REMANDED.**